IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) Case No.: 26-70379-JAD |
| | ) |
| AMIGH CONSTRUCTION, LLC, | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |
| RICHARD P. AMIGH and DEBBIE J. AMIGH, | ) Adversary No. 26-07012-JAD |
| | ) |
| | ) Document No. |
| Plaintiffs, | ) |
| | ) Related to Doc No. 1 |
| v. | ) |
| | ) |
| COLLIER FOUNDATION SYSTEMS, INC., | ) |
| | ) |
| Defendant/Movant. | ) |

**MOTION OF COLLIER FOUNDATION SYSTEMS, INC. TO DISMISS ADVERSARY PROCEEDING PURSUANT TO F.R.B.P. 7012(b)**

AND NOW, comes Collier Foundation Systems, Inc. ("CFS"), by and through its undersigned counsel, and in response to Debtor's Adversary Complaint, states as follows:

1. Debtor Amigh Construction, LLC, is a Pennsylvania limited liability company engaged in the construction of residential premises.

2. CFS filed an action against Debtor and Richard P. Amigh and Debbie J. Amigh (the "Individual Amighs") in the Court of Common Pleas of Allegheny County at Case No. GD-24-005407 ("State Court Action") asserting a claim for breach of contract against the Debtor, a claim against Debtor and the Individual Amighs to pierce the corporate veil, and a claim against all Defendants for unjust enrichment.

3. The State Court Action was scheduled for trial on September 10, 2026.

4. On September 1, 2026, only days prior to trial, Debtor filed a Chapter 11 Voluntary Petition for Non-Individuals Filing for Bankruptcy (Bk Doc No. 1).

5. Two days later, on September 3, 2026, the non-Debtor Individual Amighs filed a Motion of Richard P. Amigh and Debbie J. Amigh to Extend the Automatic Stay or in the Alternative for a Preliminary Injunction Under 11 U.S. C. §105(a) Staying the State Court Action as the non-Debtor Member Defendants ("Motion to Extend") (Bk Doc No. 7).

6. The Motion to Extend identifies the members of the Debtor to be Richard P. Amigh and Debbie J. Amigh. However, Debtor's Statement of Financial Affairs lists Debbie Amigh owning 100% of Debtor's membership interests. (Bk Doc No. 23, pg. 27).

7. On September 4, 2026, the Motion to Extend was re-docketed as an Adversary Proceeding at Bankruptcy Case No. 26-07012-JAD (Bk Doc No. 11) (Adv Doc No. 1).

8. On September 11, 2026, Debtor filed a Motion to Convert Chapter 11 Case to Chapter 7 Case Pursuant to 11 U.S.C. §1112(a) (Bk Doc No. 15) ("Motion to Convert"). The Motion to Convert is incorporated herein by reference.

9. On September 28, 2026, CFS filed an Objection to Debtor's Motion to Convert seeking a dismissal of the Voluntary Petition for a bad faith filing. (Bk Doc No. 25).

10. CFS seeks dismissal of the Adversary Complaint pursuant to Federal Rule of Bankruptcy Procedure 7012(b) for failure to state a claim upon which relief can be granted in light of the pending Motion to Convert.

11. In their Motion to Extend, the Individual Amighs advance the legal argument that the Third Circuit recognizes that the stay may protect non-debtors where unusual circumstances exist and to protect non-debtors where such protection is essential to debtor's reorganization. See *McKillen v. Wallace (In re Irish Bank Resolution Corp.)*, 2019 U.S. Dist. LEXIS 166153 (Motion to Extend ¶23-24).

12. The individual Amighs also argue that the Bankruptcy Court has authority under 11 U.S.C. §105(a) to stay actions against non-debtors when necessary to protect the bankruptcy and debtor's reorganization. *In re: Phila Newspaper, LLC*, 407 B.R. 606; *In re: Bora Bora, Inc.*, 424 B.R. 17 (Motion to Extend ¶26).

13. In their Motion to Extend, the Individual Amighs assert that "Continued prosecution against the Amighs would interfere with the Debtor's Chapter 11 case" (Motion to Extend Section III, B) as the reason for seeking the extension of the stay.

14. Debtor's filing of the Motion to Convert demonstrates that Debtor has no intention of reorganization. Consequently, the non-debtors' rationale for extending the automatic stay under 11 U.S.C. §362 as well as the imposition of injunction pursuant to 11 U.S.C. §105 is obviated.

15. Additionally, according to Debtor's Statement of Financial Affairs, non-debtor Debbie Amigh is Debtor's President and sole member. Even if Debtor sought to reorganize, Richard P. Amigh has no standing to request an extension of the automatic stay.

WHEREFORE, Collier Foundation Systems, Inc. respectfully requests this Honorable Court to dismiss the instant Adversary Proceeding for the failure to state a claim upon which relief can be granted.

McCANN, GARLAND, RIDALL & BURKE

By: */s/ J. Michael Baggett*
J. MICHAEL BAGGETT, ESQUIRE
Pa. I.D. #: 30651

Suite 1030
11 Stanwix Street
Pittsburgh, PA 15222
(412) 566-1818 – Telephone
(412) 566-1817 – Fax
jmbaggett@mgrblaw.com
Attorney for Collier Foundation Systems, Inc.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion of Collier Foundation Systems, Inc. to Dismiss Adversary Proceeding Pursuant to F.R.B.P. 7012(b) was served via ECF on all interested parties, this 5th day of October, 2026.

/s/ *J. Michael Baggett*
J. MICHAEL BAGGETT, ESQUIRE